[File No. 7178]

JOHN HOLCOMB, Respondent, v. L. W. HAMM, Lester Rohde, J. W. Schannach and C. D. Jorgenson, as Members of the Civil Service Commission of the City of Fargo, Cass County, North Dakota, Appellants.

(42 NW2d 70)

Opinion filed March 20, 1950

*E. T. Conmy,* for appellants.

*J. E. Hendrickson* and *Roy Redetzke,* for respondent.

Morris, J. This action is brought by John Holcomb against L. W. Hamm, Lester Rohde, J. W. Schannach, and C. D. Jorgenson, as members of the Civil Service Commission of the City of Fargo, to have declared null and void the action of the Civil Service Commission in striking the name of the plaintiff from the Civil Service rolls of the City, and to compel the Civil Service Commission to reinstate the plaintiff upon such rolls and the Police roster of the City, as of October 19, 1946. The plaintiff also asks the court to order the defendants to inform the Trustees of the Pension Board of the City of Fargo of plaintiff's reinstatement and to order that the Trustees of the Pension Board grant plaintiff's application for retirement pension.

The defendants appeal from the judgment of the district

court determining that the acts of the defendants in striking the plaintiff's name from the Civil Service rolls are void and are vacated, annulled and set aside, and directing them to expunge their acts from the records of the Civil Service Commission, and further directing them to notify the Board of Trustees of the Police Pension Fund of the City of Fargo that the plaintiff was a full time paid employee of the City from July 1, 1935, through April 15, 1947.

Neither the City of Fargo nor the members of the Board of Trustees of the Pension Fund are made parties to this action. It follows as a matter of course that no judgment can be rendered herein, directed to that Board or its members. The plaintiff attempts to challenge the validity of proceedings of the Civil Service Commission of the City of Fargo and to compel them to reinstate him to the status which he had as a police officer prior to the action of the Commission. This case is brought in the form of an ordinary civil action which the plaintiff labels a suit for a mandatory injunction but the pleadings and the evidence disclose that while it is in the form of an injunctive action it is in effect a mandamus proceeding.

The plaintiff was first appointed to the police force of the City of Fargo on January 17, 1935, and remained on active duty until October 19, 1946. The trial court found and the evidence sustains the finding, that during the course of plaintiff's employment and as a result of the stress and strain thereof, he became physically incapacitated for the performance of his duties as a police officer, with the result that he was compelled to quit work. His ailment was diagnosed as rheumatoid arthritis which resulted in his hospitalization for several periods. This ailment together with others that later developed resulted in complete physical incapacity from which the plaintiff has not yet recovered. The plaintiff for a time was helpless and suffered some mental impairment and was unable to attend to his business and personal affairs.

On April 15, 1947, the plaintiff filed with the Board of Trustees of the Pension and Retirement System of the City of Fargo, an application for a disability retirement pension in which he set forth his employment as a police officer, a history of his dis-

ability, and a statement that "Your petitioner further states that his said incapacity is permanent and that by reason thereof your said petitioner should be retired under a disability retirement pension and that said incapacity is the result of other cause than injury due to external and accidental means not arising out of and in the course of employment.".

The petitioner asks that he be awarded a pension from and since October 19, 1946. The application was accompanied by the affidavits of two practicing physicians describing the nature and permanency of the applicant's disability. The plaintiff heard nothing from this petition until on or about July 3, 1947, when his attorney received a letter from the Secretary of the Board of Trustees of the Pension Fund, the important portion of which states:

"At the regular meeting of the Fargo Police Pension Board this date, the above subject case was given due consideration. The Board read a communication received from the Civil Service Commission in which it was indicated that the subject's Civil Service status became null and void 90 days from December 10th, last. The Civil Service Commission referred to Rule 5, Section 6, Article C, of the Civil Service Regulations stating they apply in this case.

"The Board studied the references given. It was learned that the subject had been advised in writing as well as verbally, to request, in writing, ninety days leave of absence without pay. Furthermore, at the expiration of the ninety days to request, in writing, re-establishment on the employment list. This in addition to written notice on sick leave. The subject's failure and his neglecting so to do caused him to be dropped from both the police roster and the Civil Service rolls as indicated in paragraph one.

"As the matter now stands, the Pension Board can do nothing but decline the claim. . . ."

This letter constitutes the first information that the plaintiff received to the effect that he had been dropped from the Civil Service rolls.

The plaintiff's next step was to make an oral application in person and by his attorney for reinstatement at a regular meet-

ing of the Civil Service Commission, August 6, 1947. The Commission deferred final action until an absent member and the City Attorney could be present. The Commission again considered the matter on October 9, 1947, and the chairman then wrote the attorney for the plaintiff denying reinstatement and advising him that according to Ordinance No. 638, Section 6, Paragraph C, the plaintiff automatically ceased to be an employee of the City on December 10, 1946.

On December 12, 1947, the plaintiff filed with the Commission a written petition for his reinstatement to the Civil Service rolls of the City of Fargo as of December 10, 1946, again setting forth his physical and mental condition which he alleged to be such as to prevent him from making an application for leave of absence without pay at the times required by any ordinance of the City of Fargo or any Civil Service regulation made in connection therewith. This petition was supported by the affidavits of two physicians who say "Affiants state their opinion to be,, that said John Holcomb was for some time prior to December 3, 1946, and has been since said date, and will continue to be for an indefinite period of time in the future, completely incapacitated physically and mentally for the transaction of his personal affairs and business, and further, by reason thereof it is the further opinion of affiants that said John Holcomb is permanently disabled for the performance of any gainful occupation, and that said incapacity is the result of other causes than injury due to external and accidental means not arising out of and in the course of his employment as a police officer of the City of Fargo, North Dakota."

The plaintiff seeks the mandate of this court directing the members of the Civil Service Commission to reinstate him upon the Civil Service rolls. In order to prevail the plaintiff must show that he has a clear legal right to such reinstatement arising from a breach of official duty, and that unless he is granted relief he will suffer irreparable injury for which he has no other speedy and adequate remedy. We need not discuss the availability or adequacy of other remedies. Before he is entitled to relief he must show that the action of the members of the Civil Service Commission is not only unlawful but that it injured the

plaintiff. If we assume that the Commission acted illegally, that fact alone is not sufficient to warrant equitable interference. There must be, in addition, a showing of injury to the plaintiff. State ex rel. Ladd v. District Court, 17 ND 285, 115 NW 675, 15 LRA NS 331; Bartels Northern Oil Company v. Jackman, 29 ND 236, 150 NW 576; Kane v. Walsh, 295 NY 198, 66 NE2d 53, 163 ALR 1351; Kelley v. Board of Health of Peabody, 248 Mass 165, 143 NE 39. In the latter case it is said: "The individual citizen as such has no standing in equity to compel the observance of an ordinance unless his property or his property rights are to be directly impaired by the violation of such ordinance."

In Lockwood v. Baird, 59 ND 713, 231 NW 851, Syllabus 2, it is stated by this Court: "The mere fact that a law is alleged to be unconstitutional or that executive officers in the administration thereof are construing it erroneously and seeking to apply it to a person or situation not within its terms, does not alone entitle a person to injunctive relief; to entitle him to injunctive relief against real or imaginary injuries from alleged unauthorized acts of public officials he must bring his case under some acknowledged head of equity jurisdiction and show that he is about to suffer some infringement of the rights of property, and that there is no adequate remedy at law."

This rule applies where plaintiff seeks a mandatory injunction, as well as to an application for preventive relief. A mandate of the court will not issue unless it clearly appears that it will protect the plaintiff from injury, or afford him positive relief from an injury that he has already suffered.

The specific relief sought by the plaintiff in this action is reinstatement upon the Civil Service rolls of the City of Fargo. His ultimate objective, which cannot be reached in this action, is to secure a pension through the favorable action of the Board of Trustees of the Pension Fund. He does not wish to be restored to the Civil Service rolls for purposes of employment. In fact, he contends and his evidence shows that he is unemployable. It appears that his application for reinstatement to Civil Service status results from his belief that reinstatement is a necessary step to his successful application for a pension. The

City Attorney has so advised and that advice has been acquiesced in by his own counsel. It is clear from this record that unless the presence of the plaintiff's name on the Civil Service rolls is a condition precedent to his right to apply for a pension he can gain nothing by restoration to the rolls and is entitled to no relief in this action.

We now examine the ordinances of the City of Fargo and pertinent statutes. With reference to Civil Service we find that Ordinance No. 686, Section 1, Subdivision C, provides:

"Leave without pay may be granted to any permanent employee for any reason considered sufficient by the chief of the department and the clerk, for a period of not exceeding ninety (90) days. Request for such leave shall be submitted in writing, stating the reason why such leave should be granted, the effective date of the beginning of such leave, and the probable date of return. Such leave shall be granted only in case it is determined that it will not interfere with the normal operation of the city's business. Employees failing to return to duty upon completion of a leave of absence without pay, shall be considered as separated from the service without prejudice. Upon application and presentation of an adequate reason for failure to return, the employee may be placed on an appropriate re-employment list."

The plaintiff made no application for leave without pay. In fact, he made no application for leave whatsoever. After he ceased to perform his duty on October 19, 1946, the Civil Service Commission credited him with accumulative sick leave which expired December 10, 1946, and apparently continued to carry his name on the Civil Service rolls for an additional ninety days, although no leave of absence without pay was applied for, as provided by that portion of Ordinance No. 686 above quoted. At the end of this ninety day period he was considered as separated from the service as provided by the ordinance and his name was deleted from the Civil Service rolls, and the Commission has since refused to restore him to the rolls or place him upon a re-employment list.

Our statutes regarding police pensions were originally en-

acted as Chapter 174, Session Laws ND 1937. That law as subsequently amended now appears as Chapter 40–45 RCND 1943. Section 40–4509 provides that: "Any member of the police department, including officers and police matrons, who shall have served twenty-two years or more in the department and shall have reached the age of sixty years, or who, while a member of such department, shall suffer permanent mental and physical disability so that he is unable to discharge his duties, shall be entitled to be retired." Section 40–4511 provides that: "No member of the police department who shall become unable mentally or physically to perform his duties, nor his dependents, shall be entitled to receive benefits under this chapter because of such disability unless such member shall have been on active duty with the department for a period of at least ten years prior to such disability unless such mental or physical impairment was received in the line of duty and permanently disabled such member. The question of disability shall be determined by the board of trustees upon the concurring report of at least two out of three physicians designated by the board of trustees to make a complete physical examination of the member."

That the right to retirement once acquired can only be lost by conviction of a felony is specifically provided by Section 40–4515 which reads: "After any member of a police department shall have become entitled to be retired under the provisions of this chapter, such right shall not be lost or forfeited by discharge or for any other reason except conviction of a felony."

In 1941 the City of Fargo adopted Ordinance No. 676, by which it created a Police Pension and Retirement System under the authority of Chapter 174, Session Laws ND 1937, and acts amendatory thereof. It provided that every full time employee of the police department should be a member of the pension fund unless he elected to be excluded. Under Section 20 it made the following provisions for disability retirement: "(A) Retirement of a member for disability shall be made by the Board of Trustees upon examination as follows: Any member while in the city service or within ninety days (90) after discontinuance of city service, or while physically or mentally incapacitated

for the performance of his duty, if such incapacity has been continuous since discontinuance of city service, shall be examined by three (3) competent physicians, one of whom shall be the City Health Officer, selected by the Board of Trustees upon the Board's own motion, upon the application of the head of the department, or upon the application of said member, or a person acting in his behalf, stating that said member is physically or mentally incapacitated for the performance of duty and ought to be retired, provided he shall be credited with ten or more years of continuous city service, or shall have become physically or mentally incapacitated in the line of duty; (b) If such medical examination and other available evidence show, to the satisfaction of the Board of Trustees, that the said member is physically or mentally incapacitated for the performance of duty and ought to be retired, and that said incapacity is the result of other cause than injury due to external and accidental means not arising out of and in the course of employment, then and not otherwise, the Board of Trustees shall retire the said member for disability."

The plaintiff pleads and contends and the trial court found that the plaintiff became physically incapacitated prior to the time he quit work on October 19, 1946, as a result of the stress and strain of his employment. It appears that he was still incapacitated at the time of the trial. It is clear that if he became entitled to a pension that right accrued when he was compelled by his physical disability to cease the performance of his duties as a police officer of the City of Fargo. The next question is whether he can assert that right after his name has been deleted from the Civil Service rolls and remains unrestored. Counsel for both parties reason that only members of the Pension Fund or members of the Police Department are entitled to be awarded a pension, and that membership ceases with deletion from the Civil Service rolls. They point to the use of the word "member" in the statutes and the ordinance. Counsel for plaintiff contends that as used in Section 20 of the ordinance it means a member of the Pension Fund, while defendants' counsel contends that it means a member of the Police Department.

Reference to Section 20 of Ordinance No. 676 discloses that

a member may secure a retirement pension under three conditions: 1. while in the city's service; 2. within ninety days after discontinuance of city service; 3. while physically or mentally incapacitated for the performance of his duty, if such incapacity has been continuous since discontinuance of city service. While the applicant is described as a member it is clear that the ordinance contemplates that he has ninety days after leaving the service of the city within which to apply for a pension. But even this ninety day limitation does not apply if his physical or mental incapacity has been continuous since he left the service of the City. If it be conceded that the use of the word "member" creates an ambiguity under the ordinance with respect to plaintiff's right to apply for a pension, that ambiguity is dispelled by reference to the statute pursuant to which the ordinance was enacted. Upon this point Section 40–4515 RCND 1943 is conclusive under the facts disclosed by this record since it provides that a right to retirement once acquired shall not be lost or forfeited by discharge or for any other reason except conviction of a felony. The whole theory of plaintiff's case is that he became entitled to a pension when his disability forced him to cease active duty on October 19, 1946. He was then a member of both the Police Department and the Pension Fund and continued to be such at least until his sick leave expired on December 10, 1946. If such right did in fact exist it is protected by the provisions of Section 40–4515 RCND 1943. Thus we reach the conclusion that whether or not the plaintiff's name appears on the Civil Service rolls of the City of Fargo, in no manner affects his right to apply for or receive a pension under the provisions of Ordinance 676. He has failed to show injury resulting from the deletion of his name from the Civil Service rolls which would entitle him to a mandatory injunction. The judgment appealed from is reversed.

NUESSLE, C. J., BURKE, CHRISTIANSON and GRIMSON, JJ., concur.