PEARSON, Acting Chief Judge
(dissenting).
The appellant as plaintiff brought an action for a declaratory decree against the city and its board of general employees retirement fund. His complaint was dismissed ‘‘with prejudice” after trial. The prayer of the complaint was twofold: 1) that the court determine whether his discharge was valid; 2) that the court determine whether he was entitled under the City of Miami general employees retirement system to benefits for retirement by virtue of an injury received in line of duty.
It is my view that the chancellor should have entered a declaratory decree upon the-subject of the retirement benefits. Cf. Rosenhouse v. 1950 Spring Term Grand. Jury, Fla.1952, 56 So.2d 445; Platt v. General Development Corporation, Fla.App. 1960, 122 So.2d 48, 50; North Shore Realty Corporation v. Gallaher, Fla.App. 1957, 99 So.2d 255, 256. See as to pension rights-after discharge. Holcomb v. Hamm, 77 N.D. 154, 42 N.W.2d 70; Creighan v. City of Pittsburgh, 389 Pa. 569, 132 A.2d 867.