**Julie SCHAUER, Plaintiff and Appellee,**

v.

**JAMESTOWN COLLEGE, Defendant and Appellant.**

**Civ. No. 10245.**

Supreme Court of North Dakota.

Aug. 18, 1982.

Daniel E. Buchanan, Jamestown, for plaintiff and appellee; argued by Buchanan.

Nilles, Hansen, Selbo, Magill & Davies, Fargo, and Andrew Schaffran, Townley & Updike, New York City, for defendant and appellant; argued by Donald R. Hansen, Fargo.

Chapman & Chapman, Bismarck, for North Dakota Educ. Ass'n, amicus curiae.

ERICKSTAD, Chief Justice.

This is an appeal by the defendant, Jamestown College, from an order of the District Court of Stutsman County, filed June 29, 1982, imposing a preliminary injunction against the College. We reverse and remand.

The plaintiff, Julie Schauer, has been employed by the College as an assistant professor in the Department of Health, Physical Education, and Recreation since 1969. The College notified Schauer that at the expiration of her current employment contract on May 15, 1982, she would not be given another contract for the ensuing school year. On April 9, 1982, Schauer filed an action against the College in district court seeking reinstatement of her teaching position for the 1982–1983 school year, or, in the alternative, damages. In her complaint Schauer alleged that pursuant to her employment contract and the Jamestown College Faculty Manual, which allegedly constitutes part of that contract, the College may not terminate her employment or fail to renew her annual contract unless the reasons for such termination are related to her "ability, competence, or qualifications as a member of the College faculty." Schauer contends that no such reasons exist and that she has therefore been wrongfully terminated or nonrenewed by the College.

In an order filed on June 29, 1982, the district court issued a preliminary injunction prohibiting the College from filling Schauer's teaching position pending a determination on the merits of Schauer's lawsuit but allowing the College to proceed with preliminary hiring procedures such as advertising and interviewing candidates for

the position. The College filed an appeal from the order raising one issue:

> Whether or not the district court erred in granting a preliminary injunction prohibiting the college from filling Schauer's teaching position.

 The decision to grant or deny a preliminary injunction is within the discretion of the trial court, and its determination will not be disturbed on appeal unless it appears that the court clearly abused its discretion. *Edgeley Education Association v. Edgeley Public School District # 3*, 231 N.W.2d 826 (N.D.1975); *State ex rel. Holloway v. First American Bank & Trust Company*, 186 N.W.2d 573 (N.D.1971). We conclude that the district court abused its discretion when it issued a preliminary injunction against the College in this case because a teacher who is employed by a private institution has no right to injunctive relief to obtain reinstatement of her teaching position or to prevent a breach of the employment contract by the institution.

Subsections 32-04-12(1) and (2) provide:

> "*32-04-12. What obligations cannot be enforced specifically.*—The following obligations cannot be enforced specifically:
> "1. An obligation to render personal service.
> "2. An obligation to employ another in personal service."

Subsection 32-05-05(5), N.D.C.C., provides:

> "*32-05-05. When injunction not granted.*—An injunction cannot be granted:
>
> \* \* \* \* \* \*
>
> "5. To prevent the breach of a contract, the performance of which could not be specifically enforced."

The foregoing statutes preclude specific enforcement of or an injunction to prevent the breach of an employment contract between a teacher and an educational institution.

In *Henley v. Fingal Public School District # 54*, 219 N.W.2d 106 (N.D.1974), this Court held that an affirmative injunction of reinstatement or an injunction preventing a school district from hiring a replacement is not available to a teacher claiming wrongful nonrenewal by the school district:

> "Under the law of this State, 'an injunction cannot be granted ... to prevent the breach of a contract, the performance of which could not be specifically enforced.' Section 32-05-05, N.D.C.C.; *Mevorah v. Goodman*, 65 N.W.2d 278 (N.D.1954). Also, under the law of this State, 'an obligation to render personal service' and 'an obligation to employ another in personal service' 'cannot be enforced specifically.' Section 32-04-12, N.D.C.C. Accordingly, the remedy of injunction is not available to the appellant in this action." 219 N.W.2d at 108.

In *Henley* the teacher alleged that the school district had a statutory duty to renew his contract unless the statutory prerequisites for nonrenewal were met. This Court concluded that under appropriate circumstances a teacher, employed by a public school district, could obtain a writ of mandamus to compel the school district to give the teacher those statutory rights to which he was entitled under the law.

 Subsequent to the *Henley* decision this Court has continued to recognize the right of a public school teacher who asserts wrongful nonrenewal of a teaching contract to obtain reinstatement of the teaching position through a writ of mandamus. *See, Selland v. Fargo Public School District No. 1*, 285 N.W.2d 567 (N.D.1979); *Baker v. Minot Public School District No. 1*, 253 N.W.2d 444 (N.D.1977); *See also, Samuels v. White Shield Public School District No. 85*, 297 N.W.2d 421 (N.D.1980). A public school teacher has the right to seek reinstatement through a writ of mandamus because the employer, a public school district, has a statutory duty to rehire the teacher in the absence of meeting all prerequisites for nonrenewal provided by statute. The writ of mandamus is available to the teacher to compel the school district to comply with its statutory mandate to renew the teacher's contract.

All of the foregoing cases involve teachers employed by public school districts and are distinguishable from the instant case which involves a teacher employed by a private institution. The employment relationship between Schauer and Jamestown College in the instant case is entirely contractual. Schauer's action against the College in which she asserts wrongful nonrenewal is based entirely on contract, there being no specific statutory provisions in this state regarding termination or nonrenewal of a teacher employed by a private educational institution. Thus, a writ of mandamus to compel reinstatement of one's teaching position is unavailable to Schauer and other teachers employed by private institutions who assert that they have been wrongfully terminated or nonrenewed.

In light of Subsections 32–04–12(1) and (2) and Subsection 32–05–05(5), N.D.C.C., and of the contractual and nonstatutory nature of Schauer's employment relationship with the College she, as a matter of law, is not entitled to injunctive relief or a writ of mandamus to compel reinstatement of her teaching position. Therefore, we conclude that the district court abused its discretion in granting the preliminary injunction against the College.

In accordance with this opinion we reverse the district court's order imposing a preliminary injunction against the College, and we remand for further proceedings on the merits of the case.

VANDE WALLE, J., and NEUMANN, District Judge, concur.

NEUMANN, District Judge, sitting in place of PAULSON, J., disqualified.

PEDERSON, Justice, concurring specially.

I agree with the conclusion and the reasons therefor recited by Chief Justice Erickstad. I do not agree with the obiter dicta statements that appear to advise public school teachers that they are entitled to a writ of mandamus by a mere assertion of "wrongful nonrenewal." My views are set forth in my dissent to *Samuels v. White Shield Public Sch. Dist.*, 297 N.W.2d 421, 427 (N.D.1980).

SAND, J., concurs.