F–M ASPHALT, INC., Plaintiff
and Appellant,

v.

NORTH DAKOTA STATE HIGHWAY DEPARTMENT; Walter R. Hjelle, Commissioner, Ray Zink, Chief Engineer, Francis Ziegler, Construction Engineer, and Deb Igoe, Good-Faith Efforts Committee Chair, in their official capacities and not personally; and Northern Improvement Company, Inc.; Defendants and Appellees.

Civ. No. 11175.

Supreme Court North Dakota.

April 10, 1986.

Richard J. Henderson (argued) and Sarah Andrews Herman, of Nilles, Hansen & Davies, Ltd., Fargo, for plaintiff and appellant.

Myron E. Bothun, Asst. Atty. Gen., Bismarck, for defendants and appellees North Dakota State Highway Dept., Walter R. Hjelle, Ray Zink, Francis Ziegler, and Deb Igoe.

Harlan G. Fuglesten, of Vogel, Brantner, Kelly, Knutson, Weir & Bye, Ltd., Fargo, for defendant and appellee Northern Improvement Co., Inc.

Vande Walle, Justice.

F–M Asphalt, Inc. (F–M), appealed from an order denying a motion for a temporary injunction by the district court of Burleigh County. F–M alleges that the North Dakota State Highway Department (the State) improperly rejected F–M's bid for a construction project and awarded the contract to a higher bidder, Northern Improvement Company, Inc. (Northern). We affirm.

For the purposes of this appeal, we only briefly discuss the procedural posture of the case. On January 20, 1986, Judge Glaser issued a temporary restraining order prohibiting the State and Northern from any performance under the contract in question. A hearing on whether to continue the temporary restraining order as a temporary injunction was held on January 28 before Judge Graff (acting in Judge Glaser's absence). On the morning of the hearing, F–M had conducted discovery of the State's files. In addition, shortly before the hearing, F–M received the State's brief in opposition to the motion for a temporary injunction. At the hearing F–M alleged that the State's rejection of its bid, because of F–M's failure to meet the requirements of special provision 650 which requires information concerning utilization of minority- and women-owned businesses, was improper in that F–M had correctly completed the application portion of the compliance form which, according to its reading of the form, was to be left blank as to compliance where such compliance had not been reached, and supplemented at a later date by documentation of a good-faith effort to comply with the provision.

The court, following the presentation by the attorneys, denied the motion for a temporary injunction and dissolved the temporary restraining order, stating that it was not satisfied that F–M would prevail on the merits, even though F–M "raised a lot of issues that may be relevant in the court proceeding—what [the State officials] have done in the past, what they have accepted in the past, a course of conduct." In regard to irreparable injury, the court concluded that F–M would be able to establish the damages from the alleged breach:

"[Y]ou can show how much money you lost by the breach of this contract, if they, in fact, have breached and violated the terms and conditions of the law by failing to award [the] contract when you supplied them with everything.

"You can establish the [profits] your client would have made by performing this contract or certainly within the parameters that any court would allow in the proof of damages."

The court, after denying the motion for a temporary injunction, stated that "you still have a lawsuit that you may be able to prove if your people are able to get all of your discovery or whatever it is done."

We agree with the parties that the following factors are appropriate in determining whether injunctive relief should be granted:

(1) substantial probability of succeeding on the merits;

(2) irreparable injury;

(3) harm to other interested parties;

(4) effect on the public interest.

See, e.g., the Eighth Circuit's summary of these factors in *Dataphase Systems, Inc.*

*v. CL Systems, Inc.,* 640 F.2d 109 (8th Cir.1981).[1] "The decision to grant or deny a preliminary injunction is within the discretion of the trial court, and its determination will not be disturbed on appeal unless it appears that the court clearly abused its discretion." *Schauer v. Jamestown College,* 323 N.W.2d 114, 115 (N.D.1982). "A trial court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner." *Schwarting v. Schwarting,* 354 N.W.2d 706, 708 (N.D. 1984).

F–M's argument that it has a substantial probability of success on the merits involves issues regarding the form which was completed by F–M, the instructions contained in the form, and the past practices of the State in awarding Highway Department contracts subject to special provision 650. In addition, the issue of sovereign immunity has been raised in relation to the lack of an adequate remedy at law.

In evaluating the lower court's decision, especially in light of the incomplete record before the lower court at the time of the hearing, we cannot determine that the lower court abused its discretion in denying the motion for a temporary injunction. Although we are not convinced the trial court abused its discretion in concluding, as it did, that F–M had not satisfied the factors necessary to obtain a temporary injunction, our conclusion does not reflect any view on the final disposition of this matter because the hearing on the temporary injunction was necessarily based, due to the time constraints surrounding that hearing, on less than complete information. A future determination of the merits will permit all parties to develop the facts necessary to a final resolution of the issues.

The order denying the motion for a temporary injunction is affirmed.

ERICKSTAD, C.J., MESCHKE and GIERKE, JJ., and PEDERSON, Surrogate Justice, concur.

PEDERSON, Surrogate Justice, participated in place of LEVINE, J., disqualified.

---

1. The *Dataphase* factors are consistent with our law delineating the proper factors to be considered in determining whether to grant an injunction. See, e.g., *Shark Bros., Inc. v. Cass County,* 256 N.W.2d 701 (N.D.1977) [prevention of multiplicity of suits]; *Graven v. Backus,* 163 N.W.2d 320 (N.D.1968) [balance of equities]; *Goetz v. Gunsch,* 85 N.W.2d 881 (N.D.1957) [act to be prevented not already perfected]; *Viestenz v. Arthur Tp.,* 78 N.D. 1029, 54 N.W.2d 572 (1952) [irreparable injury and multiplicity of suits]; *Holcomb v. Hamm,* 77 N.D. 154, 42 N.W.2d 70 (1950) [injunction must prevent injury].