F–M ASPHALT, INC., Plaintiff, Appellant and Cross–Appellee,

v.

NORTH DAKOTA STATE HIGHWAY DEPARTMENT, and Walter R. Hjelle, Commissioner; Ray Zink, Chief Engineer; Francis Ziegler, Construction Engineer; and Deb Igoe, Good Faith Efforts Committee Chair, in their official capacities and not personally, Defendants, Appellees and Cross–Appellants.

Civ. No. 880082.

Supreme Court of North Dakota.

Oct. 18, 1988.

Nilles, Hansen & Davies, Ltd., Fargo, for plaintiff, appellant, and cross-appellee; argued by Richard Henderson.

Steven Francis Lamb (argued), Asst. Atty. Gen., State Highway Dept., Bismarck, for defendants, appellees, and cross-appellants.

GIERKE, Justice.

F–M Asphalt, Inc. (F–M), appealed from a district court summary judgment dismissing its action for damages and a declaratory judgment that its bid met the requirements of the Bidders Proposal for a construction project and that the contract should have been awarded to F–M. We affirm.

F–M was the low bidder on a construction project which was subject to Special Provision 650 (S.P. 650), a four-page provision in the Bidders Proposal, dealing with the utilization of minority and women-owned business enterprises (M/WBE's) as subcontractors. S.P. 650 set percentage goals for the utilization of M/WBE's and stated that "[t]he contract award will be based upon the lowest and best bid submitted by a responsible bidder, meeting the M/WBE goal or the Good Faith Efforts requirement." Near the top of the first page, S.P. 650 provided:

> "NOTE: THE CONTRACTOR'S BID WILL BE CONSIDERED NONRESPONSIVE AND WILL RECEIVE NO FURTHER CONSIDERATION IF THE GOALS ESTABLISHED ABOVE ARE NOT FULFILLED (show participation on page _2_ ) OR IF THE GOOD FAITH EFFORTS LISTED ON PAGE _3_ IN THIS SPECIAL PROVISION ARE NOT MET."

F–M's M/WBE participation did not meet the goals established for the project. F–M did not list any M/WBE subcontractors on page 2 of S.P. 650, but did attempt to document its efforts to meet the M/WBE participation goals in accordance with the "good faith effort steps" required on page 3 of S.P. 650.

After determining that F–M did not meet the requirements of S.P. 650 when submitting its bid, the Highway Commissioner awarded the contract for the project to another bidder. F–M brought this action,[1] in which the district court granted the defendants' motion for summary judgment and entered a judgment of dismissal.

F–M appealed, raising the following issues:

"I.

"Whether F–M Asphalt was required to list minority and women-owned subcontractors in its bid.

"II.

"Whether the Department's rejection of F–M's bid was arbitrary and capricious.

"III.

"Whether a declaratory judgment is appropriate relief in this case."

The defendants cross-appealed, contending that F–M, as an unsuccessful bidder, had no standing to sue.

■ The construction of a written contract to determine its legal effect and the determination of whether or not a contract is ambiguous are questions of law. *Production Credit Ass'n of Fargo v. Foss*, 391 N.W.2d 622 (N.D.1986). "If the parties' intentions can be ascertained from the writing alone, ..., then the interpretation of the contract is entirely a question of law, and this court will independently examine and construe the contract to determine whether or not the district court erred in its interpretation of it." *Sorlie v. Ness*, 323 N.W.2d 841, 844 (N.D.1982).

■ We agree with the district court's determination that F–M's bid was nonresponsive on its face. The "NOTE" near the top of page 1 of S.P. 650 unambiguously directs bidders to "show [M/WBE] participation on page _2_ ." Any possible doubt about the meaning of that language is entirely eliminated by the first paragraph on page 2 of S.P. 650:

---

1. In *F–M Asphalt, Inc. v. North Dakota State Highway Dep't*, 384 N.W.2d 663 (N.D.1986), we affirmed an order denying F–M's motion for a temporary injunction.

"A general description of work to be performed, dollar value, and percent of total bid price which is to be paid to minority and women owned firms for work performed, materials and/or supplies under this contract *must* be listed below. The Contractor shall utilize the M/WBE's listed herein, ..."

Because F–M did not list any M/WBE subcontractors on page 2 of S.P. 650, its bid was nonresponsive on its face. We are not persuaded that rejection of F–M's nonresponsive bid was arbitrary and capricious, when the contract was awarded to the contractor submitting the next lowest bid, which was only slightly higher and complied with S.P. 650.

Consideration of the other issues raised is unnecessary. "Questions, the answers to which are not necessary to the determination of a case, need not be considered." Syllabus ¶ 3, *Hospital Services, Inc. v. Brooks,* 229 N.W.2d 69 (N.D.1975).

AFFIRMED.

ERICKSTAD, C.J., and LEVINE, MESCHKE and VANDE WALLE, JJ., concur.